UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ARUN PATEL, ANJANA PATEL, SHURUTI PATEL, SWATI PATEL and AMIT PATEL, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. |
| AMRISH K. MAHAJAN, ARUN VELUCHAMY, JAMES A. REGAS, PARAMESWARY PETHINAIDU, SONIA PETHINAIDU, ANU PETHINAIDU and PETHINAIDU THATHNAIDU VELUCHAMY, | ) ) ) ) ) ) ) | JURY DEMAND |
| Defendants. | ) | |

## COMPLAINT

**NOW COME** the plaintiffs ARUN PATEL, ANJANA PATEL, SHURUTI PATEL, SWATI PATEL and AMIT PATEL and for their Complaint against defendants AMRISH K. MAHAJAN, ARUN VELUCHAMY, JAMES A. REGAS, PARAMESWARY PETHINAIDU, SONIA PETHINAIDU, ANU PETHINAIDU and PETHINAIDU THATHNAIDU VELUCHAMY state as follows:

### JURISDICTION

1. This action arises under 18 U.S.C. Sec. 1962 *et seq.* as hereinafter more fully appears. This court has jurisdiction of this action pursuant to 28 U.S.C. Sec. 1331 as it arises under the Constitution, law or treaties of the United States.

2. The plaintiffs Arun Patel and Anjana Patel are residents of the Northern District of Illinois, Eastern Division.

1

3. The defendants are residents of the Northern District of Illinois, Eastern Division.

## VENUE

4. The proper venue in this case is the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. Sec. 1391, which is a judicial district where any defendant resides, if all defendants reside in the same state, and a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, and a substantial part of property that is the subject of the action is situated.

## Count 1

### Racketeer-Influenced Corrupt Organizations

### 18 U.S.C. 1962(c)

**AMRISH K. MAHAJAN, ARUN VELUCHAMY, JAMES A. REGAS, PARAMESWARY PETHINAIDU, SONIA PETHINAIDU, ANU PETHINAIDU and PETHINAIDU THATHNAIDU VELUCHAMY**

5. Defendants AMRISH K. MAHAJAN, ARUN VELUCHAMY, JAMES A. REGAS, PARAMESWARY PETHINAIDU, SONIA PETHINAIDU, ANU PETHINAIDU and PETHINAIDU THATHNAIDU VELUCHAMY entered into a common plan and agreement to obtain money and property by fraud. The defendants conspired to use electronic wire communication and the U.S. Mail to sell phony securities to the general public and the plaintiffs, and to fraudulently convert the payments and assets of their customers, investors and clients to their own use.

6. Defendants' goal, which they achieved, was to obtain money and property by fraud.

7. To effectuate the scheme, the defendants made misrepresentations concerning the value and viability of securities, performance and stock shares.

8. The phony securities were issued in the names of First Mutual Bancorp of Illinois, Inc., First Mutual Holding Company and additional names.

9. The defendants knew that their fraud schemes were based on fictitious profits, that the products and services were worthless, that any capital was stolen by defendants, and that defendants were running multiple Ponzi schemes.

10. The defendants violated Title 18 U.S.C. Sec. 1962(a), (c) and (d). The defendants formed a scheme to defraud, used the mails and wires in furtherance of that scheme, and had the requisite intent to defraud.

11. The alleged wrongdoers include Amrish K. Mahajan, Arun Veluchamy, James A. Regas, Parameswary Pethinaidu, Sonia Pethinaidu, Anu Pethinaidu and Pethinaidu Thathnaidu Veluchamy.

12. The acts committed by Amrish K. Mahajan, Arun Veluchamy, James A. Regas, Parameswary Pethinaidu, Sonia Pethinaidu, Anu Pethinaidu and Pethinaidu Thathnaidu Veluchamy were done by them personally, either while present in, or by the use of the mails and other instrumentalities in interstate commerce to and from the State of Illinois and elsewhere.

13. The victims are Arun Patel, Anjana Patel, Shuruti Patel, Swati Patel, Amit Patel, Sam Chang and additional persons and entities.

14.     The racketeering enterprise is an association-in-fact of Amrish K. Mahajan, Arun Veluchamy, James A. Regas, Parameswary Pethinaidu, Sonia Pethinaidu, Anu Pethinaidu, Pethinaidu Thathnaidu Veluchamy, First Mutual Bancorp of Illinois, Inc. and First Mutual Holding Company.

15.     Each of the components of the association-in-fact, Amrish K. Mahajan, Arun Veluchamy, Parameswary Pethinaidu, Sonia Pethinaidu, Anu Pethinaidu, Pethinaidu Thathnaidu Veluchamy, First Mutual Bancorp of Illinois, Inc. and First Mutual Holding Company, is ongoing and continuous and enjoys an existence separate and apart from the racketeering activity.

16.     The alleged racketeering activities are outside the regular course of business of Amrish K. Mahajan, Arun Veluchamy, James A. Regas, Parameswary Pethinaidu, Sonia Pethinaidu, Anu Pethinaidu, Pethinaidu Thathnaidu Veluchamy, First Mutual Bancorp of Illinois, Inc., First Mutual Holding Company and Mutual Bank.

17.     The defendants Amrish K. Mahajan, Arun Veluchamy and Pethinaidu Thathnaidu Veluchamy are the leaders and supervisors of the association-in-fact enterprise.

18.     The defendants James A. Regas, Parameswary Pethinaidu, Sonia Pethinaidu, Anu Pethinaidu and co-conspirators are subordinate to and take orders from the enterprise association-in-fact.

19.     The alleged predicate acts and the specific statutes allegedly violated by each predicate act include acts that violate the following provisions of Title 18,

4

United States Code: section 1341 (relating to mail fraud), section 1343 (relating to wire fraud), and section 1957 (relating to engaging in monetary transactions in property derived from specified unlawful activity).

20. The pattern of racketeering activity includes at least two acts of racketeering activity, one of which occurred after the effective date of the Act and the last of which occurred within ten years after the commencement of a prior act of racketeering activity.

21. Each of the defendants committed one or more of the following predicate acts during the time period June 2005 through March 2011 that used wire communications or the U.S. Mail:

22. The defendants committed mail fraud and wire fraud by misrepresentations in prospectuses, stock certificates, stock purchase agreements, financial statements, balance sheets, written and oral communications, emails, telephone calls and additional items.

23. The plaintiffs were fraudulently induced into investing more than two million ($2,000,000.00) dollars in First Mutual Bancorp of Illinois, Inc., First Mutual Holding Company and Mutual Bank. The defendants Amrish K. Mahajan, Arun Veluchamy, James A. Regas, Parameswary Pethinaidu, Sonia Pethinaidu, Anu Pethinaidu and Pethinaidu Thathnaidu Veluchamy then immediately took the plaintiffs' money and split the money among the members of the racketeering enterprise.

24. Repeatedly from on or about January 2008 through September 2008, Amrish K. Mahajan, Arun Veluchamy, James A. Regas, Parameswary Pethinaidu, Sonia Pethinaidu, Anu Pethinaidu and Pethinaidu Thathnaidu Veluchamy made oral and written representations to plaintiffs that First Mutual Bancorp, the First Mutual entities and Mutual Bank were in excellent financial condition, that the shares were a sound and profitable investment, and that stock shares of First Mutual Bancorp of Illinois, Inc. were worth $125.00 per share but in fact Amrish K. Mahajan, Arun Veluchamy, James A. Regas, Parameswary Pethinaidu, Sonia Pethinaidu, Anu Pethinaidu and Pethinaidu Thathnaidu Veluchamy knew that the shares were worthless and that the bank, holding company and parent were insolvent and lacked adequate reserves to survive.

25. The plaintiffs justifiably and detrimentally relied on the false statements by Amrish K. Mahajan, Arun Veluchamy, James A. Regas, Parameswary Pethinaidu, Sonia Pethinaidu, Anu Pethinaidu and Pethinaidu Thathnaidu Veluchamy and on or about September 22, 2008, through the use of interstate wire and mail communications, Amrish K. Mahajan, Arun Veluchamy, James A. Regas, Parameswary Pethinaidu, Sonia Pethinaidu, Anu Pethinaidu and Pethinaidu Thathnaidu Veluchamy received $2 million from the plaintiffs.

26. The defendants Amrish K. Mahajan, Arun Veluchamy, James A. Regas, Parameswary Pethinaidu, Sonia Pethinaidu, Anu Pethinaidu and Pethinaidu Thathnaidu Veluchamy conducted the affairs of First Mutual Bancorp of

Illinois, Inc., First Mutual Holding Company and Mutual Bank through a pattern of racketeering activity and are employed by or associated with the enterprise.

27. The defendants Amrish K. Mahajan, Arun Veluchamy, James A. Regas, Parameswary Pethinaidu, Sonia Pethinaidu, Anu Pethinaidu and Pethinaidu Thathnaidu Veluchamy made false statements to facilitate the frauds upon the plaintiffs and others.

28. The enterprises, individuals, partnerships, corporations, associations or other entities allegedly constituting the enterprise are Amrish K. Mahajan, Arun Veluchamy, James A. Regas, Pethinaidu Thathnaidu Velucham, First Mutual Bancorp of Illinois, Inc., First Mutual Holding Company and Mutual Bank.

29. The benefits received by Amrish K. Mahajan, Arun Veluchamy, James A. Regas, Parameswary Pethinaidu, Sonia Pethinaidu, Anu Pethinaidu and Pethinaidu Thathnaidu Veluchamy include the use and enjoyment of the monies belonging to the plaintiffs and others.

30. The enterprises, individuals, partnerships, corporations, associations or other entities allegedly constituting the enterprise are Amrish K. Mahajan, Arun Veluchamy, James A. Regas, Pethinaidu Thathnaidu Veluchamy, First Mutual Holding Company, First Mutual Bancorp of Illinois, Inc. and Mutual Bank.

31. The structure, purpose, roles, function, and course of conduct of the enterprise included acts of mail fraud and wire fraud interfering with interstate commerce and other misconduct.

32. The relationship among the defendants is ordered and arranged as part of a common plan and external organizing principle to defraud and convert the assets of the plaintiffs and others.

33. The activities of the enterprise affect interstate and foreign commerce. Such activities in and affecting interstate commerce include, among others, the interstate fraud schemes by defendants, the fact that defendants repeatedly cross state boundaries to effectuate their fraud schemes and racketeering operations, and additional activities which are in and affect interstate commerce.

34. Defendants, for the purpose of executing the scheme to defraud plaintiffs of their property, transmitted and caused to be transmitted communications by means of wire in interstate commerce. Such interstate communications by wire include, without limitation, wire transfers, emails, facsimiles, and telephone calls.

35. The use of the mails for purposes of effectuating the above-described scheme to defraud plaintiffs, which occurred on more than one occasion in the past ten years, or the transmission of interstate communications by wire or telephone to effectuate the above-described scheme to defraud plaintiffs, which occurred on more than one occasion in the past ten years, constitutes, for the purposes of this action, a pattern of racketeering activity in violation of 18 U.S.C. Sec. 1962, for which treble damages, costs of suit and attorneys' fees may be sought under 18 U.S.C. Sec. 1964(c).

36.     As a direct and proximate result of the violations of the R.I.C.O. law by defendants, the plaintiffs suffered millions of dollars in economic and pecuniary losses, plus compensatory damages, attorneys' fees, and lost profits, and plaintiffs will continue to suffer such damages and losses in the future.

**WHEREFORE**, the plaintiffs pray that the court enter a judgment in favor of plaintiffs ARUN PATEL, ANJANA PATEL, SHURUTI PATEL, SWATI PATEL and AMIT PATEL and against defendants AMRISH K. MAHAJAN, ARUN VELUCHAMY, JAMES A. REGAS, PARAMESWARY PETHINAIDU, SONIA PETHINAIDU, ANU PETHINAIDU and PETHINAIDU THATHNAIDU VELUCHAMY, jointly and severally, equal to the amount of damages proven at trial on the matter, treble damages, and all further relief the Court deems fair and just, including but not limited to expenses, and costs.

## Count 2

### Racketeer-Influenced Corrupt Organizations

### 18 U.S.C. 1962(d) Conspiracy

**AMRISH K. MAHAJAN, ARUN VELUCHAMY, JAMES A. REGAS, PARAMESWARY PETHINAIDU, SONIA PETHINAIDU, ANU PETHINAIDU and PETHINAIDU THATHNAIDU VELUCHAMY**

37.     Plaintiffs reassert and reallege paragraphs 1 through 36 of Count 1 as and for their allegations herein.

38.     The conspiracy committed by defendants in their common scheme was to issue fraudulent securities and stock purchase agreements and to use the U.S. Mail, telephone, internet and electronic means to collect money by fraud interfering

9

with interstate commerce, to defraud the plaintiffs and general public, and to steal the plaintiffs' assets.

39. The alleged injury to plaintiffs was directly caused by defendants' violations of the R.I.C.O. statute.

40. Defendants, for the purpose of executing the scheme to defraud plaintiff of his property, transmitted and caused to be transmitted communications by means of wire in interstate commerce. Such interstate communications by wire included, without limitation, telephone calls between plaintiffs and other agents and employees, and defendants, emails and electronic filing.

41. The use of the mails for purposes of effectuating the above-described scheme to defraud plaintiffs, which occurred on more than one occasion in the past ten years, or the transmission of interstate communications by wire or telephone to effectuate the above-described scheme to defraud plaintiffs, which occurred on more than one occasion in the past ten years, constitutes, for the purposes of this action, a pattern of racketeering activity in violation of 18 U.S.C. Sec. 1962, for which treble damages, costs of suit and attorneys' fees may be sought under 18 U.S.C. Sec. 1964(c).

42. As a direct and proximate result of the violations of the R.I.C.O. law by defendants, the plaintiffs suffered millions of dollars in economic and pecuniary losses, plus compensatory damages, attorneys' fees, lost profits, and plaintiffs will continue to suffer such damages in the future.

**WHEREFORE**, the plaintiffs pray that the court enter a judgment in favor of plaintiffs ARUN PATEL, ANJANA PATEL, SHURUTI PATEL, SWATI PATEL and AMIT PATEL and against defendants AMRISH K. MAHAJAN, ARUN VELUCHAMY, JAMES A. REGAS, PARAMESWARY PETHINAIDU, SONIA PETHINAIDU, ANU PETHINAIDU and PETHINAIDU THATHNAIDU VELUCHAMY, jointly and severally, equal to the amount of damages proven at trial on the matter, treble damages, and all further relief the Court deems fair and just, including but not limited to expenses, and costs.

### Count 3

Racketeer-Influenced Corrupt Organizations

18 U.S.C. 1962(a) Investment of Proceeds

**AMRISH K. MAHAJAN, ARUN VELUCHAMY, JAMES A. REGAS, PARAMESWARY PETHINAIDU, SONIA PETHINAIDU, ANU PETHINAIDU and PETHINAIDU THATHNAIDU VELUCHAMY**

43. Plaintiffs reassert and reallege paragraphs 1 through 36 of Count 1 as and for their allegations herein.

44. The plaintiffs were injured by predicate acts made possible by the defendants' internal investment and use of the proceeds of prior predicate acts.

45. The defendants used the money received from defrauding the plaintiffs to invest in the enterprise. Defendants waited for the monies to be collected and used it to pay marketing costs of the scam operations such as brochures, testimonials, kickbacks and bribes to co-defendants, legal fees, wages and salaries of office personnel, legal defense costs for private civil fraud lawsuits, legal defense

costs for regulatory actions and federal statutory actions, travel costs for meeting with prospective fraud victims, and additional items.

46. In violation of 18 U.S.C. Sec. 1962(a), the income derived from the pattern of racketeering activity was received by defendants.

47. The activities of defendants constituted a pattern of racketeering and defendants then invested the proceeds from racketeering in an enterprise, thereby violating section 1962(a). The defendants also caused injury from the predicate fraudulent misrepresentations, and from subsequent use or investment of the proceeds.

48. Defendants, for the purpose of executing the scheme to defraud plaintiffs of their property, transmitted and caused to be transmitted communications by means of wire in interstate commerce. Such interstate communications by wire included, without limitation, telephone calls between plaintiffs and other agents and employees, and defendants, emails and other wire communications.

49. The use of the mails for purposes of effectuating the above-described scheme to defraud plaintiffs, which occurred on more than one occasion in the past ten years, or the transmission of interstate communications by wire or telephone to effectuate the above-described scheme to defraud plaintiffs, which occurred on more than one occasion in the past ten years, constitutes, for the purposes of this action, a pattern of racketeering activity in violation of 18 U.S.C. Sec. 1962, for which treble

damages, costs of suit and attorneys' fees may be sought under 18 U.S.C. Sec. 1964(c).

50. As a direct and proximate result of the violations of the R.I.C.O. law by defendants, the plaintiffs suffered economic and pecuniary losses in excess of $1.8 million, plus compensatory damages, attorneys' fees, lost profits, and plaintiffs will continue to suffer such damages and losses in the future.

**WHEREFORE**, the plaintiffs pray that the court enter a judgment in favor of plaintiffs ARUN PATEL, ANJANA PATEL, SHURUTI PATEL, SWATI PATEL and AMIT PATEL and against defendants AMRISH K. MAHAJAN, ARUN VELUCHAMY, JAMES A. REGAS, PARAMESWARY PETHINAIDU, SONIA PETHINAIDU, ANU PETHINAIDU and PETHINAIDU THATHNAIDU VELUCHAMY, jointly and severally, equal to the amount of damages proven at trial on the matter, treble damages, and all further relief the Court deems fair and just, including but not limited to expenses, and costs.

### Count 4

### Fraud

**AMRISH K. MAHAJAN, ARUN VELUCHAMY, JAMES A. REGAS, PARAMESWARY PETHINAIDU, SONIA PETHINAIDU, ANU PETHINAIDU and PETHINAIDU THATHNAIDU VELUCHAMY**

51. The defendants Amrish K. Mahajan, Arun Veluchamy, James A. Regas and Pethinaidu Thathnaidu Veluchamy owed to the plaintiffs the duty to refrain from committing fraud by deceptive practices, to refrain from committing fraudulent misrepresentation against the plaintiffs, to refrain from committing misconduct by a corporate official, to refrain committing theft by deception, to

refrain from committing fraudulent inducement against the plaintiffs, to refrain from committing fraudulent conversion of plaintiffs' property, and to refrain from committing fraud against the plaintiffs and others.

52. In breach of the duties as aforesaid, the defendants Amrish K. Mahajan, Arun Veluchamy, James A. Regas, Parameswary Pethinaidu, Sonia Pethinaidu, Anu Pethinaidu and Pethinaidu Thathnaidu Veluchamy did commit fraud by deceptive practices in violation of 720 ILCS 5/17-1, fraud by misrepresentation, misconduct by a corporate official in violation of 720 ILCS 5/17-26(2)(c), fraudulent inducement and conversion against the plaintiffs.

53. The defendants fraudulently induced the plaintiffs to pay $2 million for securities that defendants knew to be worthless.

54. The defendants Amrish K. Mahajan, Arun Veluchamy, James A. Regas, Parameswary Pethinaidu, Sonia Pethinaidu, Anu Pethinaidu and Pethinaidu Thathnaidu Veluchamy made false statements of material fact to plaintiffs which defendants intended to induce reliance by plaintiffs thereon, which statements were false, the falsity was known to defendants, the plaintiffs justifiably and detrimentally relied on the false statements, and the conduct of defendants proximately caused injury to the plaintiffs.

55. In justifiable and detrimental reliance on defendants' representations, the plaintiffs reasonably were unaware of the falsity of the defendants' representations and unaware of the defendants' scheme of fraud.

56. The defendants Amrish K. Mahajan, Arun Veluchamy, James A. Regas, Parameswary Pethinaidu, Sonia Pethinaidu, Anu Pethinaidu and Pethinaidu Thathnaidu Veluchamy intentionally breached their fiduciary duties to plaintiffs for the purpose of defrauding plaintiffs.

57. The defendants stole plaintiffs' $2 million by deception.

58. The conduct of defendants continued over a period of many years, was willful, oppressive and malicious and shocks the conscience of the court.

59. The defendants committed the acts, as alleged herein, in a knowing and intentional manner, and those actions have caused plaintiffs to suffer substantial damages in the form of economic and pecuniary losses, lost dividends, capital expenditures, capital contributions, equity, business opportunities, distributions, returns, interest appreciation, compensatory damages and special damages and those losses will continue in the future.

60. The injuries suffered by plaintiffs as set forth above are the direct and proximate result of defendants' conduct as set forth herein.

**WHEREFORE**, the plaintiffs pray that the court enter a judgment in favor of plaintiffs ARUN PATEL, ANJANA PATEL, SHURUTI PATEL, SWATI PATEL and AMIT PATEL and against defendants AMRISH K. MAHAJAN, ARUN VELUCHAMY, JAMES A. REGAS, PARAMESWARY PETHINAIDU, SONIA PETHINAIDU, ANU PETHINAIDU and PETHINAIDU THATHNAIDU VELUCHAMY, jointly and severally, equal to the amount of damages proven at

trial on the matter, punitive damages, and all further relief the Court deems fair and just, including but not limited to expenses, and costs.

## Count 5

### Willful and Deliberate Breach of Fiduciary Duty

### AMRISH K. MAHAJAN, ARUN VELUCHAMY, JAMES A. REGAS, PARAMESWARY PETHINAIDU, SONIA PETHINAIDU, ANU PETHINAIDU and PETHINAIDU THATHNAIDU VELUCHAMY

61. Plaintiffs reassert and reallege paragraphs 1 through 36 of Count 1 as and for their allegations herein.

62. The defendants willfully and deliberately violated their fiduciary duties to First Mutual Bancorp of Illinois, Inc., First Mutual Holding Company and plaintiffs.

63. At all times relevant herein, the defendant James A. Regas acted *ultra vires*.

64. The defendants Amrish K. Mahajan, Arun Veluchamy, James A. Regas, Parameswary Pethinaidu, Sonia Pethinaidu, Anu Pethinaidu and Pethinaidu Thathnaidu Veluchamy committed the acts, as alleged herein, in a knowing and intentional manner, and those actions have caused plaintiffs to suffer substantial damages in the form of economic and pecuniary losses, lost dividends, capital expenditures, capital contributions, equity, business opportunities, distributions, returns, interest appreciation, compensatory damages and special damages and those losses will continue in the future.

65. As a direct and proximate result of the defendants' acts and conduct as above-described, in whole or in part, the plaintiffs were injured and suffered

damages including economic and pecuniary losses, lost profits, compensatory damages, emotional pain and suffering, humiliation, degradation, embarrassment, anxiety and stress, and will continue to suffer such damages and losses in the future.

66. The conduct of defendants continued over a period of many years, was willful, oppressive and malicious and shocks the conscience of the court.

**WHEREFORE**, the plaintiffs pray that the court enter a judgment in favor of plaintiffs ARUN PATEL, ANJANA PATEL, SHURUTI PATEL, SWATI PATEL and AMIT PATEL and against defendants AMRISH K. MAHAJAN, ARUN VELUCHAMY, JAMES A. REGAS, PARAMESWARY PETHINAIDU, SONIA PETHINAIDU, ANU PETHINAIDU and PETHINAIDU THATHNAIDU VELUCHAMY, jointly and severally, equal to the amount of damages proven at trial on the matter, punitive damages, and all further relief the Court deems fair and just, including but not limited to expenses, and costs.

## Count 6
### Enforcement of Personal Guaranty
### PETHINAIDU VELUCHAMY

67. Alternatively, on or about September 22, 2008, Defendant Pethinaidu Veluchamy, Defendant, as Chairman of the Board of First Mutual Bancorp of Illinois, Ins. ("First Mutual"), signed a promissory note ("Note"), promising to pay Plaintiffs $2,000,000.00.

68. On or about September 22, 2008, Defendant, for valuable consideration, signed a guaranty ("Guaranty"), personally guaranteeing payment

and performance of all liabilities incurred by First Mutual, including, but not limited to, liabilities relating to the Note.

69. The guaranty is secured by 16,000 shares of the stock of First Mutual Bancorp of Illinois, Inc.

70. Alternatively, First Mutual has no remaining assets or sources of income. The common stock serving as security for the Guaranty is worthless. Furthermore, because of liquidation, demand upon First Mutual for payment on the Note would be futile.

71. First Mutual failed to perform according to the terms of the Note.

72. Specifically, First Mutual defaulted on the installment payment due under the note on October 22, 2009 in the amount of $13,333.33.

73. The Guaranty states, in relevant part:

". . . the [Defendant] unconditionally guarantees the full and prompt payment when due, and at all times thereafter, of all of the indebtedness, liabilities, and the obligations of every kind and nature of [First Mutual] to [Plaintiffs] howsoever created, including specifically, but without implied limitation, all indebtedness arising under the certain Installment Note in the following principal amount: Two Million and no/100 ($2,000,000.00) Dollars. . ."

74. On September 11, 2009, Plaintiffs, through their attorneys, sent Defendant a letter by certified mail seeking substitute collateral on the Guaranty and assurances as to the prompt payment of the upcoming October 22, 2009 installment payment.

75. Defendant has failed to pay the amount due and owing to Plaintiffs on October 22, 2009 as required by the Guaranty.

76. On October 26, 2009, Plaintiffs, through their attorneys sent Defendant a second letter demanding payment of the amount due and owing under the Guaranty.

77. Pursuant to the terms of the Guaranty, Defendant is liable to Plaintiffs for "all expenses (including, without limitation, reasonable attorneys' fees and court costs) paid or incurred by [Plaintiffs] in endeavoring to collect the Liabilities, or any part thereof, and in enforcing this Guaranty".

78. Pursuant to the terms of the note, in the event of a default, the principal sum remaining unpaid, which is $2,000,000.00, shall become immediately due and payable.

79. Pursuant to the terms of the Note, past due installment payments are subject to a 10% interest per annum interest charge. As part of First Mutual's liabilities, Defendant is liable to Plaintiffs for those interest charges.

80. Plaintiffs have done all that they are required to do under the terms of the Note, and Guaranty.

**WHEREFORE**, Plaintiffs, ARUN PATEL, ANJANA PATEL, SHURUTI PATEL, SWATI PATEL and AMIT PATEL, request that this Court enter judgment in their favor and against Defendant, PETHINAIDU VELUCHAMY, in the amount of $2,000,000.00, together with all additional interest accrued at the rate of 10% per annum, plus all of Plaintiffs' reasonable and necessary costs and expenses of collection, including attorneys' fees and expenses as provided under the terms of the

Guaranty, and for such other and further relief in favor of Plaintiffs and against Defendant as equity may require.

Dated:  July 6, 2011                            PLAINTIFFS

               By:   /s/ Paul Caghan
                   Their Attorney

PAUL CAGHAN (A.R.D.C. No. 3123213)
PAUL CAGHAN, P.C.
2506 N. Clark St.
Chicago, IL 60614
(773) 469-8724

20